Good morning, Your Honor. Stephen Crow on behalf of the Petitioner, and Wallace Vernoff on behalf of the Real Party of Interest, and Ronald Clubb on behalf of the Petitioner. Your Honors, after we briefed this matter, a case came down in October by the Sir Kelvin Arms v. Homestead Insurance Company, which we believe, and I believe there's been some supplementary briefing that you would have received, that that case essentially controls our situation. And the Kelvin case has now aligned the Ninth Circuit with five other circuits who've addressed this issue, which is that the District Court lacks the authority to respond to a remanded case or procedural defect on its own. And based upon that, we would submit that the Kelvin case has already decided our issue. And with that in mind, I would just say if the panel has any questions as to why this case shouldn't fall within the Kelvin case, I'd be happy to answer any questions. Well, what distinction do you see between this and the Kelvin case? Virtually none, Your Honor. Well, think hard. If you were on the other side, like a moot court in law school, argue the other side of the case. What do you think is the weak spot of your case? It's happening right now. Your Honors, frankly, we were puzzled and still remain puzzled as to the distinction, and I apologize for not knowing what it is at this point. But I've thought about it before this moment. Trust me. Well, there's no such thing as a perfect case, lawyers tell me. You can lose any case. They never know what a court will do to a case. What's your weak point, your weakest point here? Well, Your Honors, our weakest point is that I guess the court in our case did give a reason for its remand order as opposed to Kelvin, which just remanded it without a reason. We also have in this case, we did fail to comply with the statute by attaching all of the pleading papers in the case. However, the court had all of the papers, including the original complaint, original answer, prior to its issue of the order to show cause. And the plaintiff himself corrected the record in that case. Like Kelton, here the plaintiff never made a motion to remand, never objected to the federal form. I think the circuits are clear in cases that Kelton followed that that's something that a plaintiff may waive, like personal jurisdiction. And again, I'm at a loss as to the real distinction between Kelton and our case based upon the facts, Your Honors. Maybe the other side can enlighten us. Do you have any further questions, Your Honors? No questions. Good morning, Your Honors. Pardon my cold at this point. I think it's incumbent upon me to point out that although Kelton has made a ruling which seems to be similar to our case, I must point out to the Court that we believe it's an erroneous ruling. Kelton is following basically all State and part of Continental Casualty, which the courts are familiar with. The original case of Lloyd, FDIC v. Lloyd, indicated that the Court, the question of the word motion is not dispositive of the fact that the Court can't make that type of ruling. Now, Allstate came a year later and suddenly took a giant leap in saying, ah, motion means only a party can do so. Now, there was no reasoning beyond that other than the Allstate Court decided that that was the reason. They felt the motion meant that. Now, what went on later on, particularly in the Page case, that was the Page v. City of San Pedro, in the Page case, Page adopted the Allstate reasoning, but even in the dissent, it was pointed out that, and the dissent mentioned the case of Carnegie Mellon v. Cohill, where the dissent said, wait a minute, motion can be made by a Federal judge. There are some rules that indicate and refer to the Court making motions. So how can you say that motion in this particular section, especially 1447C, doesn't permit a court to do the same as the parties? Go ahead, sir. Are you saying Kelton was improperly decided? Excuse me? Are you saying that Kelton was improperly decided? That's my exact question. Well, aren't we bound by Kelton as a three-judge? I don't think so, because basically, and I refer to the Maniart case, which was pretty much our case, other than the fact that it was beyond the 30-day rule. And basically, that was a Ninth Circuit ruling back in 1992. So there are two cases I believe are in conflict. One is the Kelton case. The other is the Maniart case, which basically says that a court can have a – can make a motion, in effect, sui sponte, because the word motion doesn't – is not preclusive of allowing the court to do that. Kelton distinguishes that. Kelton distinguishes that case. Yeah. Kelton – I know Kelton attempts to distinguish that case. So you can't really say that they're in dispute. Kelton, I believe the only distinguishing part of that case, I think, is the fact that it was beyond the 30-day rule. And there, of course, it's distinguishable. If you want to say that Maniart is dicta because it was moved us to that point since it was beyond the 30-day rule, I agree with you. But I think the reasoning in Maniart is the same as in Kelton, except that Kelton took the position that Allstate took. And Allstate took a position that I don't – that I don't see was properly reasoned in deciding that the word motion only was limited to parties. That's the crux of this whole thing. I don't think it should be limited to parties. I think a court has the right, when it feels appropriately, it can do so within a – within certain rules. In this case, the certain rule is the 30-day rule. Okay. Let me add that. If it happened within the 30-day rule, I would think it would be perfectly appropriate, and I don't think Allstate's saying that the word motion doesn't allow a court to do that is substantial reasoning. And I think Kelton merely followed Allstate. Let me ask you this, if I could. Sure. Assume, despite your other argument that I'm not asking you to abandon, but I'm just asking for an assumption. Assume that Kelton is controlling and that Maniart had dictum or whatever it is, Maniart is not inconsistent, and so we simply look to Kelton for the controlling law in this circuit now that Kelton has been decided. Is there any way around Kelton in this case? The only way – if I make the assumption that Kelton is controlling, you're right. Right. Then there's no way around it. If Kelton's controlling, my argument is that the ruling on Kelton is necessary. No, no. They've asked you whether there's a way around Kelton. Yeah. If it's controlling. And your answer is if it's controlling, that's the end of the matter. If it is controlling, that would be.       All right. Anything further? I think it's important to note about Maniart, and I think Kelton makes that clear, is they specifically did not decide this issue. And so I think that's a distinction with Maniart. But one thing that Maniart does say, which I think is consistent with Kelton, is that part of the reasoning behind Maniart is specifically, it says uniformity in the circuits is important for procedural matters. Kelton says the same thing because now that issue that wasn't addressed in Maniart has since been addressed by five other circuits. The Ninth Circuit has now adopted the same reasoning as those circuits. The Page v. City of Southfield case, which was mentioned, it does have an extensive discussion of the distinction between motion and not motion. And one thing that's not been mentioned is the fact that the 1988 amendment to 1444C is what's driving the distinction between a motion and not a motion. The statute itself makes the distinction that a party, by using the word motion, and Page talks about this, the Black's Law definition of motion says that a party may bring a motion or claim to a judge or a court. And so I think the circuits, and not just Page, the circuits that have discussed this issue, talk about that distinction and say, well, a motion can be brought by a party, and a party can waive their right to object to a procedural defect in federal court, or they can file the motion and object to it. And that's not for the court. The court is to decide whether or not subject matter jurisdiction exists. And that distinction between the statute establishes the distinction here, and that's why we believe that Kelton controls, and Kelton is correct in following the other circuits who have discussed this issue. Thank you. All right. The matter is submitted. We'll take up the next matter. The oldest elevator versus U.S. District Court. Albert K. Chang, real party and interest. Is that the one we just finished? Yeah. Gensler. We're on Gensler now. Oh, I thought we had two cases. I thought you were going to. Okay. You did them both at the same time. Fine. All right. You're getting so efficient, you baffled me. Gensler now versus Peter Long and Buck.
judges: Pregerson, Cowen , W. Fletcher